**O.L. McLENDON, et al., Plaintiffs,**

v.

**GEORGIA KAOLIN CO.,
INC., Defendant.**

Civ. No. 85–338–2–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

June 9, 1993.

James E. Carter, Madison, GA, for plaintiffs.

John Burke Harris, Jr., William Camp Harris, and John Elvis James, Macon, GA, for defendant.

## ORDER

OWENS, Chief Judge.

Before the court is plaintiffs' motion to remand. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

### FACTS

This lawsuit was originally filed in the Superior Court of Bibb County on August 13, 1985. Defendant subsequently removed the case to this court based upon diversity jurisdiction. In its petition for removal, defendant stated that it is a corporation incorporated under the laws of New Jersey and that its principal place of business is in New Jersey.

In the eight years that have passed since this suit was originally brought, extensive

discovery has been taken and numerous motions have been considered. In addition, plaintiffs have changed lawyers several times, and the case was reassigned to a different judge.

Plaintiffs have now filed a motion to remand, in which they allege that at the time at which this suit was originally brought, defendant's principal place of business was in Georgia rather than New Jersey, and consequently, diversity jurisdiction does not exist in this case.

### DISCUSSION

■ In order to determine the principal place of business of a corporation, the court must look to the "total activity" of the corporation. *Vareka Investments, N.V. v. American Investment Properties, Inc.*, 724 F.2d 907, 910 (1984). The "total activity" analysis "incorporates both the 'place of activities' test (focus on production or sales activities), and the 'nerve center' test (emphasis on the locus of the managerial and policymaking functions of the corporation.)" *Id.* (citing *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 315 (5th Cir.1980).

In *J.A. Olson Co. v. City of Winona*, 818 F.2d 401, 409 (5th Cir.1987), the Fifth Circuit made the following observations about the "total activity" test:

It is clear, however, that the place of activity and the nerve center are two of the components of the "total activity" test. It is further apparent that our determination of the principal place of business begins with the general rules of these component tests: (1) when considering a corporation whose operations are far flung, the sole nerve center of that corporation is more significant in determining principal place of business; (2) when a corporation has its sole operation in one state and executive offices in another, the place of activity is regarded as more significant; but (3) when the activity of a corporation is passive and the "brain" of the corporation is in another state, the situs of the corporation's "brain" is given greater significance.

■ In this case, it is undisputed that, at the time at which this suit was filed, approximately 88% of defendant's employees were located in Georgia, 55% of its assets were in ' Georgia, and 96% of the total gross tonnage

of minerals produced by defendant were mined and processed in Georgia. Thus, defendant had an extensive business presence in Georgia at the time of this suit.

In addition, it is undisputed that defendant's headquarters were located in New Jersey. Defendant's president, treasurer, vice president of research and development, vice president of sales, and vice president of engineering were residents of New Jersey. Thus, defendant's "nerve center" was located in New Jersey where major corporate decisions concerning finance, research and development, sales, and engineering were made.

However, defendant's mining business in Georgia was only part of defendant's operations at this time. In 1985, defendant had a wholly-owned subsidiary mining company in Illinois. In addition, it was involved in joint mining ventures in California, Washington, and Canada. Furthermore, it had 50% ownerships in corporations engaged in the exportation of minerals to Europe and Asia. Thus, defendant was a corporation with "far flung" operations rather than a corporation with its sole operation in one state and its executive offices in another, and its nerve center is more significant to the "total activity" analysis than its "place of activity".

The next step in the analysis is to balance the facts in order to determine the location of the principal place of business. *Id.* at 412. On balancing the facts, the court finds that although the mining operations in Georgia are very important to defendant, they cannot outweigh defendant's involvement in other areas of the world. At the time of the filing of this lawsuit, defendant was an international corporation controlled by a group of executives at corporate headquarters in New Jersey. The mining operations in Georgia were merely a part of defendant's corporate identity and purpose.

Therefore, this court finds that defendant's principal place of business is located in New Jersey and, consequently, diversity jurisdiction exists. Accordingly, plaintiffs' motion to remand is DENIED.

**SO ORDERED.**